**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02707-WYD-MEH

MALIBU MEDIA, LLC,

    *Plaintiff,*

vs.

JOHN BUTLER,

    *Defendant.*

_____

**DEFENDANT'S OBJECTIONS TO MAGISTRATE'S
RECOMMENDATION FOR DENIAL OF DEFENDANT'S
MOTION TO DISMISS
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

_____

Defendant, John Butler, by and through his undersigned attorneys, Hanes & Bartels LLC, and pursuant to Fed. R. Civ. P. 72(a) objects to the Magistrate's Recommendation of Denial of Defendant's motion, made pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted.

THE GROUNDS FOR THE OBJECTIONS ARE AS FOLLOWS:

1.    The Magistrate Judge failed to consider and rule on the particulars of this Defendant's motion and relied instead on his prior rulings in *Malibu Media, LLC v. Lowery*, 2013 WL 6024371 (D.Colo.). With the exception of the dates, times and movie titles listed in Exhibits A and B to the respective complaints, the Recommendation of

1

denial in the instant case is substantially identical to the Magistrate's Oder Denying Motion to Dismiss in *Lowery*. This Defendant's motion to dismiss is separate and distinct from the motion filed in *Lowery* and deserves separate and individual consideration. For example:

**a)** Page 8, second full paragraph, of the Recommendation states:

> Butler filed the present motion on February 12, 2014 arguing that the Amended Complaint fails to state a claim for relief because it alleges merely that Butler is the "most likely infringer" of the copyrighted works.

This Defendant did not make that argument because the instant complaint did not make that allegation. Paragraph 22 of the instant complaint alleged that *Defendant is the only person who can be identified as the infringer at this time* and that allegation of the Amended Complaint was the basis of this Defendant' argument on page 4 of his motion. However, instead of addressing this Defendant's argument that paragraph 22 *does not plausible suggest that the plaintiff has a right to relief, nor does it raise the possibility above a "speculative level" (citing case)*, the Magistrate merely changes the name from "Lowery" to "Butler" and repeats the same line from his Lowery order that "Lowery (*Butler)* contends Plaintiff fails to plead facts sufficient to allow the Court to draw the inference that Lowery (*Butler)* is liable for the alleged infringement of the 24 (*19*) copyrighted works . That is not what this Defendant argued. The vague and uncertain allegation in the Amended Complaint in this case that *Defendant is the only person who can be identified as the infringer at this time* does not plausibly suggest that plaintiff has a right to relief nor does it raise the possibility above a speculative level, as

required by *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007). The Magistrate Judge's failure to consider this point of Defendant's motion is error and is objectionable.

**b)**　　In *Lowery* the Defendant did not file a reply to plaintiff's response and the Magistrate's order recognized that omission and proceeded straight to the **Legal Standard** in section III of the Order. Although this Defendant filed an extensive reply to plaintiff's response, the Magistrate gave it no consideration whatever and dismissed it out of hand in the last paragraph on page 8 of the Recommendation before quickly going on to copy the **Legal Standard** from the *Lowery* order.

Significant points of Defendant's motion to dismiss were not even addressed in plaintiff's response to the motion and similarly, those same points were ignored by the Magistrate in his Recommendations.

**(i)** On pages 8 and 9 of this Defendant's reply it is stated:

On page 6 of his Motion Defendant states: "There is not a single fact asserted in the Amended Complaint that would justify the allegation in paragraphs 17, 19 and 20 that 'UG downloaded from <u>Defendant</u>'. **Plaintiff's Response does not dispute this assertion of Defendant in his motion to dismiss**.

The Magistrate's Recommendation gives plaintiff a total pass on this failure to dispute significant assertions in the motion to dismiss. In addition, the Magistrate fails to address and likewise ignores the above quoted significant assertion from page 6 of this Defendant's motion to dismiss and the related portion of this Defendant's reply. This omission by the Magistrate is a demonstrative example of the fact that this Defendant's motion was not given individual consideration by the Magistrate. His Recommended

3

denial was based on the motion to dismiss filed in the *Lowery* case, which is error and is objectionable.

**(ii)** Page 9 of this Defendant's reply states:

> Plaintiff does not deny that its present counsel has admitted that an estimated 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material.

The Magistrate's Recommendation does not address this admission by plaintiff. In fact, on page 9 of the Recommendation the Magistrate quotes from *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) saying:

> [p]lausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff's 'have not nudged their claims across the line from conceivable to plausible.'"

What could *encompass a wide swath of conduct, much of it innocent,* more than allegations concerning an IP address when plaintiff's own counsel has admitted that an estimated 30% of names turned over by ISPs are **not** those of individuals who actually downloaded or shared copyrighted material? The failure of the Magistrate to rationalize or justify his Recommendation in light of this admission by plaintiff is error and is objectionable.

**(iii)** On pages 12-14 of his motion to dismiss Defendant analyzed in detail the *illusory* content of paragraphs 11, 13, 15, 17, 19 and 20 of the Amended Complaint and the deceptive and bogus nature of Exhibit A to the Amended Complaint. Notwithstanding Defendant's detailed analysis, which was totally different than any content of the *Lowery* motion to dismiss, plaintiff's response to the motion contained <u>no rebuttal whatever</u> to this analysis. Likewise, the Magistrate's Recommendation

completely ignored the analysis and, again, holding fast to the *Lowery* order, gave the plaintiff a pass on its failure to respond to these significant assertions in Defendant's motion to dismiss.

**(iv)** Plaintiff's response to the motion to dismiss did not deny or dispute that one or more "bits" of a work do not constitute the *constituent elements* of a copyrighted work. The Magistrate's Recommendation contains nothing that justifies this admitted deficiency by plaintiff in pleading a claim for relief for copyright infringement. On page 12 of the Recommendation the Magistrate rephrases the previously explained steps of the BitTorrent procedure, but fails to connect those steps with the *actual allegations* in plaintiff's Amended Complaint or how those allegations supply the factual basis for the stated conclusions about the procedure in this case. The *analysis* on page 12 of the Recommendation is identical to the analysis rendered in Lowery, although it is obvious that the *Complaint* in *Lowery* is different in many respects from the *Amended Complaint* in the instant case. For example, the *Lowery* order states in *7 that "…its investigator was able to download from Lowery's IP address one or more bits…" (emphasis added). To the contrary, plaintiff's Amended Complaint in the instant case attempts to improve on the substance of the allegation by stating: "IPP International UG downloaded from Defendant one or more bits…" There is a significant difference between *Defendant* and *defendant's IP address*, especially when the issue is whether there are plausible allegations in the Amended Complaint to connect this Defendant to allegations of copyright infringement.

The repetition on page 12 of the Recommendation of the so-called "well plead" allegations of the Amended Complaint are the very same allegations that are dissected and discredited in the analysis on pages 12-14 of Defendant's motion to dismiss, to which the Magistrate's Recommendation is utterly silent.

**c)** The Magistrate's Recommendation makes an effort in Section I to explain the BitTorrent Protocal in order to give meaning and plausibility to the allegations of plaintiff's Amended Complaint, but, with all due respect, the effort fails. After defining terms, the tutorial concludes with "here's how BitTorrent works." The conundrum is that the seminar never makes a connection with the *actual allegations* of the Amended Complaint. For example, neither the defined *Initial Seeder,* the *Seed*, the *Leecher*, the *Tracker*, the *Torrent file* nor any of the other required parts or players are ever referred to or identified in the Amended Complaint in order to provide some plausible factual underpinnings to the conclusions. Although *peers* and a *swarm* are required components of the system, as explained by the Magistrate, the Amended Complaint makes no reference to these components or how this Defendant might have been joined with them.

The Magistrate's BitTorrent lesson defines *Hash Identifier* as the 40 character alphanumeric string that forms a unique identifier of an encoded file, presumably the equivalent term of *file hash*, defined in paragraph 15 of the Amended Complaint as the entirety of the digital media file (e.g. a movie), that is, the string of numbers that appears next to each movie title on Exhibit A to the Amended Complaint. Although the Amended Complaint alleges Defendant's downloading of bits, no reference is made by the

Magistrate, in his described workings of BitTorrent, to a *cryptographic hash value*, defined in paragraph 13 of the Amended Complaint as one bit of a BitTorrent file. The conclusory statement in paragraph 18 of the Amended Complaint asserts that the cryptographic file hashes correlate to a movie, however, there is no identification in the Amended Complaint of the cryptographic file hash number (a bit) or numbers that were "downloaded from Defendant" in order to make a connection between this Defendant and the *file hash* that is said to identify a particular movie the copyright for which is alleged to have been infringed.  Neither the allegations of the Amended Complaint nor the Magistrate's Recommendation ever attempt to factually make this connection, relying only on a specious and baseless inference as the aorta of the Amended Complaint.  As set forth on pages 12-14 of the motion to dismiss, the allegations of the Amended Complaint make no connection between the *cryptographic hash values* of the "downloaded bits" and the *file hashes* listed in Exhibit A that identify complete movies. The Magistrate's Recommendation fails to appreciate the fatal error in the Amended Complaint where the allegations make no factual connection between the file hashes that identify a movie in Exhibit A and this Defendant.

     In sum, the apparently complete and neat explanation of the workings of BitTorrent set forth in the Recommendation bears little resemblance to the allegations of the Amended Complaint and does nothing to refute the Defendant's argument in his motion to dismiss that those allegations are implausible conclusions that are unsupported by factual allegations sufficient to plead a claim for relief against this Defendant.

**Conclusion**

This Defendant's motion to dismiss should receive individual attention and not be tarred with the same brush as in *Lowery,* merely because the two motions involve the same plaintiff and similar alleged infringements by the use of BitTorrent. The Magistrate's conclusion on page 4 of the Recommendation that BitTorrent is a tough nut to crack does not place this plaintiff is a special category for exemption from the Federal Rules of Civil Procedure or from the applicable holdings of the U.S. Supreme Court and the Tenth Circuit Court of Appeals. The Rule of Law is no less applicable in this case than in any other, regardless of the perceived difficulty in enforcement, especially when the copyrighted works at issue are created for the specific purpose of constituting the instruments that implement plaintiff's *business* of copyright infringement.

Considering the specific objections provided above to the Magistrate's Recommendation for Denial, the Court is respectfully requested to DENY the Recommendation and, after independent consideration, GRANT the Defendant's motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) and 8(a).

Respectfully submitted this 7th day of May 2014.

                HANES & BARTELS LLC

                */s/Richard W. Hanes*
                Attorneys for Defendant
                Richard W. Hanes, Colorado #1206
                102 South Tejon Street, Suite 800
                Colorado Springs, CO 80903-2239
                Telephone:  (719) 260-7900

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May 2014, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO MAGISTRATE'S RECOMMENDATION FOR DENIAL OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Plaintiff:*
Jason Kotzker, Esq.
KOTZKER LAW GROUP
9609 S. University Blvd., #632134
Highlands Ranch, CO  80163

                                                            */s/ Lynne R. Krause*
                                                            Lynne R. Krause, Paralegal