**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02707-WYD-MEH

MALIBU MEDIA, LLC,

       Plaintiff,
v.

JOHN BUTLER,

       Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S RECOMMENDATION FOR DENIAL OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

## I. INTRODUCTION

Plaintiff respectfully requests the Court adopt the Recommendation [CM/ECF 31] and deny Defendant's objections. As set forth below and in the Recommendation, Plaintiff's Amended Complaint states a plausible claim for copyright infringement through the BitTorrent protocol. Indeed, every judge to have ever ruled on this issue has found Plaintiff's complaint sufficiently plausible. This is because it is plausible that Defendant is the infringer if his Internet was used to download Plaintiff's movies. Further, Plaintiff pled a *prima facie* claim of copyright infringement by alleging that Plaintiff's investigator downloaded of piece of Plaintiff's movies from Defendant during the course of infringement. For these reasons, as set forth below, Plaintiff respectfully requests the Court adopt the Recommendation.

## II. ARGUMENT

    A. <u>The Recommendation Correctly Analyzed Plaintiff's Complaint and Defendant's Motion</u>

        1. *Plaintiff Correctly Plead Defendant is the Infringer Because His Internet Was Used to Download Plaintiff's Movies*

Defendant argues without merit that Plaintiff did not properly allege Defendant is the infringer because Plaintiff stated "Defendant is the only person who can be identified as the infringer at this time." *See* CM/ECF 32 at *3 citing Amended Complaint ¶22. Defendant's argument fails because Plaintiff clearly pled Defendant is the infringer in its Complaint. "Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A. IPP International UG downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A." *Amended Complaint* at ¶¶ 18-19. Plaintiff's Complaint states that Defendant infringed Plaintiff's movies by using his Internet to download the movies through BitTorrent. This argument is plausible because Defendant is the most likely person to use his Internet to download Plaintiff's movies.

> Here, as noted, the complaint alleges that Defendant exercises control over the IP address in question. Defendant is the person who purchased an internet subscription and was assigned the unique IP address at issue. And that unique IP address is being used to distribute Plaintiff's copyrighted movies. While there is a possibility that a third party has somehow gained access to Defendant's IP address, the more likely explanation is that it is Defendant who is distributing Plaintiff's works. This is all that is required to plausibly state a claim for relief on which relief may be granted.

*Malibu Media LLC v. Doe*, 13-12178, 2013 WL 3945978 (E.D. Mich. July 31, 2013)

> 2. *Plaintiff Properly Identified the Hash Values And Alleged That Defendant Downloaded A Full Copy of the Movie*

Defendant's second objection is that the Recommendation erred, and Plaintiff misled the Court, by implying that the hashes listed on Exhibit A are the hashes associated with the "bit pieces". *See* CM/ECF 32 at *4 and CM/ECF 20 at *14. This argument is also meritless.

Exhibit A shows the date and time that Defendant distributed a piece of the file hash and corresponding movie title to Plaintiff's investigator. Plaintiff's Amended Complaint states "IPP

International UG downloaded from Defendant one or more bits of each digital media file as identified by its hash value on Exhibit A. The most recent TCP/IP connection between IPP International UG and the Defendant's IP address for each file hash listed on Exhibit A is included within the column labeled Hit Date UTC." Amended Complaint at ¶ 20.

From this, Defendant makes the illogical conclusion that "[t]he inferred relationship between unidentified bits 'downloaded from Defendant' and the whole movies listed in Exhibit A is, on its face, a total misrepresentation calculated to mislead and deceive. Such an intentional misrepresentation cannot serve to create a plausible belief in the allegations of the Amended Complaint." CM/ECF 20 at *14.

The allegation that Defendant downloaded whole copies of Plaintiff's movies is alleged in Plaintiff's Complaint. "In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits." Amended Complaint at ¶ 11. "Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file." *Id*. at ¶ 12. "The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). <u>Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.</u>" *Id*. at ¶ 13. (Emphasis added).

By uploading a piece of Plaintiff's movie to Plaintiff's investigator through the BitTorrent network, Defendant was in the process of downloading and distributing Plaintiff's movies. Defendant was engaged in this process in order to receive a complete copy of Plaintiff's movies. Not only is this allegation stated in Plaintiff's complaint, it is a plausible allegation. Indeed, it is plausible that Defendant downloaded the entire movie because that is how the

BitTorrent system works. And, here, IPP recorded Defendant infringing 19 movies. Certainly it is plausible that Defendant received the entire movie through BitTorrent if he continued to download others.

### 3. Plaintiff's Counsel Did Not State That 30% of Downloaders Are Innocent

Defendant incorrectly states that "its present counsel has admitted that an estimated 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material." *See* CM/ECF 32 at *4. Plaintiff's counsel did not make this statement. This statement was made by a counsel who has never worked for Plaintiff, representing an entirely different copyright holder, in a joined case involved 176 defendants where only one act of infringement per defendant was alleged. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("Plaintiff's counsel estimated that 30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material.")

Here, the likelihood that the infringement occurred either by Defendant or in Defendant's household is a much higher percentage because the infringement occurred over nine months. That being said, even if that statement or statistic was true, a 70% chance that Defendant is the infringer is certainly sufficient to establish that Plaintiff's claims are "plausible". "[T]he standard remains a liberal one, and 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Jin Hee Park Kim v. Mather*, No. CIVA 08-CV-02722-REB, 2010 WL 1268047 (D. Colo. Mar. 29, 2010).

Likewise, courts have consistently rejected Defendant's argument. "[W]hile it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member,

visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act." *Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013). "Indeed, every court to have addressed this issue has found a sufficiently alleged copyright infringement claim based on BitTorrent technology, even when the defendant was merely identified with an IP address." *Id*.

                                        *4. Plaintiff's Opposition Correctly Stated That Defendant Committed Copyright Infringement By Downloading One or More "Bit"*

Defendant's allegation that "Plaintiff's response to the motion to dismiss did not deny or dispute that one or more 'bits' of a work do not constitute the constituent elements of a copyright work" is entirely incorrect. Indeed, Plaintiff addressed Defendant's allegations in detail in its opposition to Defendant's motion to dismiss. *See* CM/ECF 25 at *4-5. Specifically, Plaintiff sighted to a long list of cases where this argument had been rejected. *See e.g. Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 376-77 (E.D.N.Y. 2013) ("According to the Defendant, transmitting only pieces of a copyrighted work, as opposed to transmitting all of the pieces, cannot constitute copyright infringement. … As an initial matter, the Complaint alleges that the Defendant *either* transmitted a full copy or a portion thereof. Thus, it is alleged that the Defendant may have transmitted the entirety of the protected work. More importantly, the Defendant's assertions are incorrect. A defendant may infringe on the plaintiff's work "through literal copying of [only] a portion of it.") Similarly, the Recommendation correctly stated: "In this case, Plaintiff has sufficiently alleged that Butler copied its protected works by asserting that its investigator was able to download from Butler's IP address one or more bits of each of the digital movie files identified by file hashes, then downloaded a full copy of each file hash from the BitTorrent file distribution network (accessed by Butler) and confirmed through

independent calculation that the file hash matched the Plaintiff's copyrighted works." CM/ECF 31 at *11-12.

> 5. *Plaintiff Was Not Required To Give A Complete Overview of BitTorrent In Its Complaint*

Finally, Defendant objects to the Recommendation on the basis that Plaintiff did not give a complete overview of the BitTorrent protocol in its Complaint.  This requirement is not necessary.  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.' 'This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.'" *Hoskins v. Gonnell*, No. 13-CV-02719-WYD-CBS, 2014 WL 1151905 (D. Colo. Mar. 21, 2014). Here, Plaintiff's allegations adequately provide notice to Defendant that Plaintiff is alleging he infringed Plaintiff's copyrights through the BitTorrent protocol.  And, as stated above, these allegations are plausible because the Defendant's Internet was used to infringe Plaintiff's movies over the course of nine months.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court adopt the Recommendation [CM/ECF 31] and deny Defendant's objections.

Dated:  May 21, 2014

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 720.330.8329
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

      By:    /s/ *Jason Kotzker*
                Jason Kotzker