IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-02707-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN BUTLER,

    Defendant.

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the following: (1) the defendant's Motion To Dismiss (ECF No. 20), filed February 12, 2014; and (2) the Recommendation of United States Magistrate Judge (ECF No. 31), filed April 24, 2014.  The defendant filed an objection (ECF No. 32) to the recommendation.  I overrule the objection and affirm and adopt the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the defendant objects and I have considered carefully the recommendation, the objections, and the applicable case law.

In the Amended Complaint, the plaintiff asserts the following allegations:

2. Defendant is a persistent online infringer of Plaintiff's copyrights.
Indeed, Defendant's IP address as set forth on Exhibit A was used to
illegally distribute each of the copyrighted movies set forth on Exhibit B.
...

16. Plaintiff's investigator, IPP International UG, established a direct
TCP/IP connection with the Defendant's IP address as set forth on Exhibit
A.

> 17. IPP International UG downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.
>
> 18. Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B.
>
> 19. IPP International UG downloaded from Defendant one of more bits of each file as listed in Exhibit A.  IPP International UG further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A.  IPP International UG then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A.  At no time did IPP International UG upload Plaintiff's copyrighted content to any other BitTorrent user.
>
> 20. IPP International UG downloaded from Defendant one or more bits of each digital media file as identified by its hash value on Exhibit A. The most recent TCP/IP connection between IPP International UG and the Defendant's IP address for each file hash listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as computer forensic purposes.
>
> 21.  An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.
>
> 22. Defendant is the only person who can be identified as the infringer at this time.

(Am. Compl., ECF No. 12).

The magistrate judge thoroughly analyzed each of the defendant's claims and correctly applied the legal standards applicable to a motion to dismiss.  While defendant objects to the general nature of the recommendation and maintains that he is due a more "individualized" analysis, I find that the analysis, conclusions, and recommendations of the magistrate judge are nevertheless correct.  In his objection, the

defendant argues his position that plaintiff's allegations in the Amended Complaint are "illusory" and do "not plausibly suggest that plaintiff has a right to relief nor does it raise the possibility above a speculative level...." (Objection at 2). I conclude that the arguments asserted by the defendant in his objection are incorrect.[1]  After carefully reviewing the allegations noted above, I find that the Amended Complaint appropriately alleges that the defendant, using his Internet, infringed plaintiff's movies by downloading them through the Bit Torrent protocol. (*See* Am. Compl. ¶¶ 18-19).  Specifically, the Amended Complaint alleges that the defendant "exercises control of the IP address in question." *See Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, *4 (E.D. Mich. 2013).  Further, it is alleged that the IP address at issue "is being used to distribute Plaintiff's copyrighted movies." *Id.*  Viewing plaintiff's Amended Complaint in the light most favorable, I find that it contains sufficient factual allegations to state a claim for relief that is plausible on its face.

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 31) is **AFFIRMED and ADOPTED** as an order of this court.  It is

FURTHER ORDERED that the defendant's Motion To Dismiss (ECF No. 20) is **DENIED**.

---

[1] Defendant spends a considerable amount of his objection both complaining that the magistrate judge's recommendation did not offer him more "independent consideration" and refuting the "apparently complete and neat explanation of the workings of Bit Torrent." Unfortunately for defendant, these criticisms are unavailing.

Dated: July 8, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge