**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02707-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,
v.

JOHN BUTLER,

      Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for the entry of an order striking Defendant John Butler's ("Defendant") affirmative defenses and in support hereof, states:

**I.   INTRODUCTION**

Plaintiff's Amended Complaint alleging direct copyright infringement against Defendant was filed on December 23, 2013. On July 17, 2014, Defendant filed his Answer asserting five (5) affirmative defenses against Plaintiff's Amended Complaint. *See* CM/ECF 35. Defendant's first affirmative defense (Failure to State a Claim), second affirmative defense (Assumption of the Risk), and fifth affirmative defense (intervening cause) cannot succeed under any circumstance. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court enter an order striking Defendant's insufficient affirmative defenses.

## II.   LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*.  An affirmative defense "is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F.Supp. 419, 422 (D. Colo. 1995).  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *2 (D. Colo. Apr. 5, 2013) (citation omitted) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. May 15, 2013).  "Whether to strike an affirmative defense rests within the discretion of the trial court." *Malibu Media, LLC v. Ryder*, 2013 WL 4757266, at *2 (D. Colo. 2013).

## III.   DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

### A. Defendant's First Affirmative Defense (Failure to State a Claim) Should be Stricken Because The Court Has Already Ruled That Plaintiff Has Not Failed to State a Claim and the Defense is Unnecessary

Defendant's first affirmative defense states that "Plaintiff's Amended Complaint fails to state a claim on which relief can be granted."  Affirmative Defenses ("Aff. Def."), CM/ECF 35, ¶ 13.  On February 12, 2014 Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff responded on March 5, 2014 (CM/ECF 25) and Defendant filed a Reply in further support of his motion on March 11, 2014 (CM/ECF 26).  On April 24, 2014 the Court denied Defendant's Motion to Dismiss for failure to state a claim holding that "[i]n this case, Plaintiff has sufficiently alleged that Butler copied its protected works . . . Taking these well-pled allegations as true, the Court finds that Plaintiff has plausibly alleged Defendant Butler copied Plaintiff's copyright protected

works without authorization or payment in violation of the Copyright Act." Report and Recommendation, CM/ECF 31, at pp. 11-12. After Defendant objected to the Recommendation of the Honorable Judge Hegarty, Judge Daniel affirmed and adopted the opinion finding that Plaintiff's complaint "contains sufficient factual allegations to state a claim for relief that is plausible on its face." CM/ECF 34. Plaintiff has not failed to state a plausible claim for relief. As such, Defendant's first affirmative defense cannot succeed under any circumstance and should be stricken.

"Furthermore, as this Court observed in *Michaud v. Greenberg & Sada, P.C.,* No. 11–cv–01015–RPM–MEH, 2011 WL 288592 (D.Colo. July 18, 2011), the defense of 'failure to state a claim' need not be pled. Where, as in this case, the defendant does not articulate a need for the defense in light of its ability to dispute the sufficiency of a claim by motion under Fed.R.Civ.P. 12(b)(6), the defense is justifiably stricken." *Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *3 (D. Colo. 2013). Defendant has not articulated a need for the defense and has already attempted to dispute the sufficiency of Plaintiff's claim by motion under Fed. R. Civ. P. 12(b)(6). Accordingly, the Court should strike Defendant's first Affirmative defense.

### B. Defendant's Second Affirmative Defense (Assumption of the Risk) Cannot Succeed Under Any Circumstance

For his second affirmative defense, Defendant asserts that "Plaintiff assumed the risk that its movies might be copied or reproduced when the movies were published on the internet." Aff. Def., ¶ 14. Assumption of the risk is a defense to negligence or personal injury claims and bars a plaintiff's recovery if successful. Here, Plaintiff has not alleged negligence or personal injury. Assumption of the risk not a defense to Plaintiff's copyright infringement lawsuit. If the defense was accepted by the Court, all producers

of content distributed online would be barred from recovering for infringement of that content, since all producers of online content would assume the risk that the content might be infringed since it was published online. The mere fact of publication on the internet alone is insufficient to bar an infringement claim and such an overly broad rule would be clearly improper. Because Defendant's second affirmative defense cannot succeed under any circumstances, it should be stricken.

### C. Defendant's Fifth Affirmative Defense (Intervening Cause) is a Mere Denial and Should be Stricken as Redundant

For his fifth affirmative defense, Defendant asserts that "[t]he alleged distribution of copyrighted works, if any, was the action or result of a third party instrumentality over which this Defendant had no control." Aff. Def., ¶ 17. Defendant's fifth affirmative defense is nothing more than a denial of Plaintiff's claim. As such the defense is redundant and should be stricken. In a similar case, this Court held that affirmative defenses that are merely denials of Plaintiff's claims are not properly asserted as affirmative defenses.

> [T]he Court finds that the defense should be stricken based on its redundancy . . . Defendant's attack on the validity of Plaintiff's copyright(s) is effectively a denial of Plaintiff's *prima facie* case and is, therefore, not a proper affirmative defense. *See Isringhausen Import, Inc. v. Nissan N.A., Inc.,* No. 10–CV–3253, 2011 WL 6029733, at *6 (C.D.Ill.Dec. 5, 2011) (striking defense that merely attacked element of copyright infringement claim). By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page,* 272 F.R.D. 581, 598 (D.N.M.2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Id.*

*Malibu Media, LLC v. Benson*, 2014 WL 2859618, at *3 (D. Colo. 2014).

Here, Defendant's "so-called 'affirmative defense' does nothing more than rebut a plaintiff's claims directly[.]" *Id.* Plaintiff alleges that Defendant is the infringer and Defendant's fifth affirmative defense merely rebuts that allegation. As such, Defendant's fifth affirmative defense denying liability should be stricken.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike Defendant's Affirmative Defenses;

(B) Striking Defendant's Affirmative Defenses; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 7, 2014

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 720-330-8329
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Jason Kotzker*