IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02707-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN BUTLER,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses [filed August 7, 2014; docket #36]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. Docket #37. Pursuant to Fed. R. Civ. P. 12(f), the Court may act without awaiting a Defendant's response. For the reasons that follow, the Court RECOMMENDS Plaintiff's Motion be **granted**.[1]

## BACKGROUND

Plaintiff initiated this action on October 3, 2013, alleging that then-John Doe Defendant,

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. Docket #6. The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. Docket #9. In particular, the Court authorized Plaintiff to serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint (docket #1). The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on December 23, 2013, naming Mr. Butler as a Defendant. Docket #12. Defendant filed a Motion to Dismiss on Feburary 12, 2014 (docket #20); the District Court adopted this Court's Report and Recommendation that the Motion to Dismiss be denied on July 8, 2014. Docket #34. Defendant filed an Answer to Plaintiff's Amended Complaint on July 17, 2014, asserting five (5) affirmative defenses. Docket #35. Plaintiff filed the present motion on August 7, 2014 seeking to strike certain affirmative defenses listed in the Answer. Docket #21. The Court has dealt with numerous issues

concerning appropriate affirmative defenses in BitTorrent cases and is sufficiently advised and recommends as follows.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). The standard articulated in *Unger* continues to be the appropriate standard. For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

Plaintiff seeks an order striking three of Defendant's five affirmative defenses. Plaintiff contends Defendant's defenses are insufficient as a matter of law because they cannot succeed under

any circumstance. With the foregoing legal principles in mind, the Court will consider each of the challenged defenses in turn.

**I.       First Defense: Failure to State a Claim**

Defendant's "failure to state a claim" defense was denied by the District Court on July 8, 2014 when it adopted this Court's Report and Recommendation to deny Defendant's Motion to Dismiss. *See* docket ##20, 31. For the same reasons outlined in that Report and Recommendation (docket #31), the Court finds that this defense cannot succeed under any circumstances and should be stricken.

**II.      Second Defense: Assumption of Risk**

Defendant's second affirmative defense states: "Plaintiff assumed the risk that its movies might be copied or reproduced when the movies were published on the internet." Docket #35 at ¶ 17. An assumption of risk defense is an affirmative defense to a tort claim. *See Harris v. The Ark*, 810 P.2d 226 (Colo. 1991); *see also Tucker v. Volunteers of Am. Colo. Branch*, 211 P.3d 708, 711 (Colo. App. 2008). Because an "assumption of risk" defense does not apply to copyright infringement claims, this defense cannot succeed as a matter of law and should be stricken.

**III.     Fifth Defense: Intervening Cause**

Defendant's fifth affirmative defense states: "The alleged distribution of copyrighted works, if any, was the action or result of a third party instrumentality over which this Defendant had no control." Docket #35 at ¶ 17. To establish a claim of copyright infringement, Plaintiff must prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). By arguing that a third party engaged in any copyright infringement, Defendant denies that he copied the original work, which is the second element of Plaintiff's claim. Such a denial of Plaintiff's *prima facie* case

and is not a proper affirmative defense. *See Isringhausen Import, Inc. v. Nissan N.A., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011) (striking defense that merely attacked element of copyright infringement claim). By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Id*.

Thus, the fifth affirmative defense should be stricken as redundant.

## **CONCLUSION**

The Court finds that Defendant's First, Second, and Fifth Defenses should be stricken. Accordingly, this Court respectfully RECOMMENDS that Plaintiff's Motion to Strike Affirmative Defenses [filed August 7, 2014; docket #36] be **granted**.

Entered and dated at Denver, Colorado, this 13th day of August, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge