**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02707-WYD-MEH

MALIBU MEDIA, LLC,

    *Plaintiff,*

vs.

JOHN BUTLER,

    *Defendant.*

_____

**DEFENDANT'S OBJECTIONS TO MAGISTRATE'S
RECOMMENDATION THAT PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES BE GRANTED**
_____

Defendant, John Butler, by and through his undersigned attorneys, Hanes & Bartels LLC, and pursuant to Fed. R. Civ. P. 72(a) objects to the Magistrate's Recommendation that Plaintiff's motion to strike affirmative defenses be granted.

As grounds for the objection, Defendant states the following:

<u>Objection to Magistrate's Failure to Follow D.C.Colo.LCivR 7.1(d)</u>

Defendant's answer to Plaintiff's Amended Complaint was filed on July 17, 2014. Plaintiff's motion to strike was filed August 7, 2014 giving Defendant until August 28, 2014 to respond, as provided in D.C.Colo.LCivR 7.1(d). The Magistrate's recommendation was made and dated August 13, 2014.

Magistrate Hegarty justifies his accelerated recommendation on Fed. R. Civ. P. 12(f), which provides in pertinent part:

1

> The court may strike from a pleading an insufficient defense… The court may act:
>
> (1) on its own; or
> (2) on motion made by a party…, within 21 days after being served with the pleading.

The Magistrate did not act on his own. His recommendation was in response to Plaintiff's motion. Rule 12(f) states that the court may act on a motion filed within 21 days of service of the pleading to which the motion is directed, but the rule does not provide that normal periods of the opposing party's response to a motion can be ignored. The only exceptions to the 21 day response period provided by D.C.Colo.LCivR 7.1(d). are for motions filed under Fed. R. Civ. P. 56 or 65. There is no exception for the motion to strike filed by Plaintiff under Fed. R. Civ. P. 12(f).

Defendant objects to the Magistrate's recommendation on the ground that Defendant was deprived of his right to file a response to the motion and have the response considered before the Magistrate made his recommendation.

<u>Substantive Objections With Respect to the Affirmative Defenses</u>

> **<u>Failure to State a Claim.</u> Plaintiff's Amended Complaint fails to state a claim on which relief can be granted**.

The Magistrate recommends granting the motion to strike the affirmative defense of failure to state a claim because Defendant's motion to dismiss for failure to state a claim has been denied and therefore the defense cannot succeed under any circumstances. Defendant objects to such a myopic view of the defense. Fed. R. Civ. P. 12 provides that every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. Defenses (1) – (7) may be made by motion.

2

The rule does not exclude one of the seven defenses from a responsive pleading if it is also made by a motion. Furthermore, the motion to dismiss was based on the allegations of the Amended Complaint. Discovery in this case can establish facts that will support the defense and because the motion based on the complaint was denied does not mean that later discovered facts will not support the defense. For example, a motion for summary judgment can be made on one or more claims as a matter of law, which substantively is equivalent to a motion to dismiss. Defendant objects to his being deprived of a right to later claim that Plaintiff's claims fail as a matter of law.

> **Assumption of the Risk. Plaintiff assumed the risk that its movies might be copied or reproduced when the movies were published on the internet**.

The Magistrate concludes, without the citation of any authority on the point that an "assumption of risk" defense does not apply to copyright infringement and thus the defense cannot succeed as a matter of law. The Magistrate cites *Harris v. The Ark,* 810 P.2d 226 (Colo. 1991) as showing that assumption of risk is an affirmative defense to a tort claim. The *Harris* court referred to C.R.C. 13-21-111.7 for the definition of the defense, which, in pertinent part states:

> Assumption of a risk by a person shall be considered by the trier of fact in apportioning negligence pursuant to section 13-21-111. For purposes of this section, a person assumes the risk of injury or damage if he voluntarily or unreasonably exposes himself to injury or damage with appreciation of the danger and risk involved.
> (emphasis added)

The Magistrate attempts to restrict assumption of the risk defenses to tort claims, which, he claims, do not include copyright infringement. According to Black's Law Dictionary, a tort is defined as a legal wrong committed upon the person or property

3

independent of contract. It may be either (1) a direct invasion of some legal right of the individual; or (2) the infraction of some public duty by which special damage accrues to the individual. Copyright infringement is an invasion of a legal right of the copyright owner and hence is a tort.

According to the quoted Colorado statute, it is up to the jury to decide whether Malibu Media, who admittedly publishes reams of pornographic materials on the internet, assumed the risk of damage by voluntarily exposing their movie products to copying with an obvious appreciation of the risk involved. There is no logical reason or supporting law that justifies the Magistrate in denying the right of this Defendant to plead this defense and have the jury decide its legitimacy. The Magistrate's simplistic reasoning that the defense cannot apply to copyright infringement because such infringement is not a tort is simply wrong.

> **Intervening Cause. The alleged distribution of copyrighted works, if any, was the action or result of a third party instrumentality over which this Defendant had no control.**

The Magistrate's rationale for his conclusion to eliminate the defense is obscure, but as best understood, the Magistrate's premise is that this defense is duplicative of the general denial of copyright infringement contained in the answer and therefore cannot survive as a stand alone defense. To the contrary, the defense is peculiar to a specific claim of Plaintiff's Amended Complaint.

Paragraph 27 of the Amended Complaint alleges that "…Defendant <u>copied</u> *and* <u>distributed</u> constituent elements of each of the original works covered by the Copyrights-in-Suit." (emphasis added). In making this allegation Plaintiff is accusing

4

defendant of violating two different exclusive rights of a copyright owner. 17 U.S.C §106 provides in part that a copyright owner has the exclusive rights to do and to authorize the following:

(1) *to reproduce the copyrighted work…* (the copying part of paragraph 27 of the Amended Complaint)

(3) *to distribute copies of the copyrighted work to the public…* (the distribution part of paragraph 27 of the Amended Complaint).

In Magistrate Hegarty's dissertation on the BitTorrent protocol in his April 25, 2014 recommendation to deny this Plaintiff's motion to dismiss the Amended Complaint, he stated as follows:

> Briefly, here's how BitTorrent works. A file transfer begins "when one user accesses the Internet through an ISP and intentionally makes a digital file of a work available to the public from his or her computer. This file is referred to as the first 'seed.' Other users, who are referred to as 'peers,' then access the Internet and request the file. These users engage each other in a group, referred to as a 'swarm,' and begin downloading the seed file. As each peer receives portions of the seed, that peer makes those portions available to other peers in the swarm." (emphasis added)

By Magistrate Hegarty's definition of the way in which BitTorrent works, the making of portions of the seed available to others (*distributing copies of the copyrighted work)* is an automatic function of the protocol, that is, the *result of a third party instrumentality* that is an intervening cause.

A defendant's conduct is not a cause of another's injuries if, in order to bring about such injuries, it was necessary that the conduct combine or join with an

5

...
...

intervening cause which also contributed to cause the injuries, but which intervening cause would not have been reasonably foreseen by a reasonably careful person under the circumstances. *Moore v. Western Forge Corp.* 192 P.3d 427Colo.App.,2007. Plaintiff's Amended Complaint alleges damages caused by Defendant's distribution of copyrighted works. To prove this allegation Plaintiff must make a showing of "that cause which, in natural and continued sequence, unbroken by any efficient, intervening cause, produced the result complained of, and *without which that result would not have occurred.*" *Wilcox v. Homestake Mining Co.* 619 F.3d 1165 (C.A.10 2010). The result complained of is distribution of Plaintiff's works. Without the automatic action of third party instrumentality BitTorrent that result would not have occurred. The Amended Complaint contains no allegations that the Defendant knew or should have known of the automatic distribution inherent in the BitTorrent protocol or that such distribution was reasonably foreseeable.

Plaintiff's allegation of copying is separate and distinct from the allegation of distribution and Defendant is entitled to defend against that allegation on the basis of an intervening cause over which he had no control and no knowledge. The Magistrate's conclusion that the intervening cause defense is merely a restatement of the denial of copyright infringement is incorrect. There is one measure of damages for infringing a copyright owner's exclusive right to reproduce and there is another measure of damages for infringing a copyright owner's exclusive right to distribute a copyrighted work. A Defendant deserves the right to defend against both of these types of copyright infringement.

**Conclusion**

As admitted in the Magistrate's recommendation, striking a portion of a pleading is a drastic remedy and the federal courts generally view motions to strike with disfavor. As further expressed by the court in *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.* 744 F.2d 935 (C.A.N.Y.,1984), a motion to strike affirmative defenses for legal insufficiency is not favored and will not be granted unless it appears to certainty that plaintiff would succeed despite any state of facts which could be proved in support of the defense, particularly where there has been no significant discovery.

In view of the arguments made above, the Magistrate has not shown with certainty that Plaintiff would succeed despite any state of facts, which could be proved in support of the defense. Accordingly, the Magistrate's recommendation should not be accepted on the basis that granting Plaintiff's motion results in depriving the Defendant of his right to defend, with facts and law, the allegations of the Amended Complaint.

Respectfully submitted this 14th day of August, 2014.

HANES & BARTELS LLC

*/s/Richard W. Hanes*
Attorneys for Defendant
Richard W. Hanes, Colorado #1206
102 South Tejon Street, Suite 800
Colorado Springs, CO 80903-2239
Telephone:  (719) 260-7900

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2014, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO MAGISTRATE'S RECOMMENDATION THAT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES BE GRANTED** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Plaintiff:*
Jason Kotzker, Esq.
KOTZKER LAW GROUP
9609 S. University Blvd., #632134
Highlands Ranch, CO  80163

                                              */s/ Lynne R. Krause*
                                              Lynne R. Krause, Paralegal